1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

United States of America

    v.                         Case No. 2:21-cr-14-1

William Floyd Evans

**OPINION AND ORDER**

On July 30, 2021, Defendant was convicted of conspiracy to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(B)(i) and 846 (Count 1) and sentenced to a term of twenty-four months incarceration. According to the Bureau of Prisons ("BOP"), Defendant's proposed release date is July 27, 2022. *See* https://www.bop.gov/inmateloc/ (last visited June 21, 2022).

On February 18, 2022, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (ECF No. 50.) Defendant requests compassionate release due to "medical needs" resulting from the difficulties associated with the use of his prosthetic leg while incarcerated at Fort Dix, New Jersey. (*Id.* at 145.) According to the BOP website, Defendant is no longer at Fort Dix and is now incarcerated at a Residential Reentry Management ("RRM") field office in Cincinnati, Ohio.

Under § 3582(c)(1)(A), a compassionate release motion may be filed by the Director of the Bureau of Prisons, or it can be filed

2

by the defendant if the defendant has exhausted his administrative remedies or if the defendant presents his request to the warden and receives no response within thirty days. *United States v. Alam,* 960 F.3d 831, 832 (6th Cir. 2020). Defendant submits that he wrote a letter to the warden "pertaining to [his] plight for compassionate release" and did not receive a response within thirty dates. (*Id.*) Though Defendant makes this claim, he has neither attached that letter to his motion nor provided proof of the warden's receipt of that letter. "Defendants are required to *prove* compliance with § 3582(c)(1)(A)." *United States v. Carrera,* No. 3:14-CR-0367-B-40, 2020 U.S. Dist. LEXIS 229727, at *4-5 (N.D. Tex. Dec. 7, 2020)(emphasis in original) (citing *United States v. Knox*, 2020 U.S. Dist. LEXIS 136782, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020). "Proof of compliance ensures that the BOP had the first opportunity to assess the merits of a defendant's request." *Id.*

While the exhaustion requirement is non-jurisdictional, it is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust. *Alam,* 960 F.3d at 833-834; *see also Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S. Ct. 13, 17 (2017) (finding that mandatory claim-processing rules "must be enforced" if "properly invoked").

3

Here, the government never responded to Defendant's *pro se* motion, so the waiver or forfeiture exceptions to the mandatory claim-processing rules apply. *Alam,* 960 F.3d at 834. But even without the government's objection to Defendant's failure to exhaust, "[t]his Court's analysis concerning whether a party has satisfied the exhaustion requirement, however, does not end with the Government's waiver of the claim-processing rule." *United States v. Kelly*, No. 2:15-cr-00247, 2020 U.S. Dist. LEXIS 201051, at *4 (S.D. Ohio Oct. 27, 2020).

This Court previously determined that under the Sixth Circuit's holding in *United States v. Gaytan-Garza,* 652 F.3d 680 (6th Cir. 2011), it is appropriate for the Court to *sua sponte* invoke the mandatory claims-processing rule due to "the need for firm, normative standards that will promote consistency and predictability for all parties involved, including the court itself" and to achieve the aims of "'implement[ing] an orderly system for reviewing compassionate-release applications' and prevent[ing] 'line jumping' on the part of criminal defendants." *Id.* at *5-6 (quoting *Alam,* 960 F.3d at 834).

For these reasons, Defendant's Motion for Compassionate Release under § 3582(c)(1)(A)(i) (ECF No. 50) is **DENIED WITHOUT PREJUDICE.** Defendant may renew his motion for compassionate

4

release upon submitting proof that he complied with § 3582(c)(1)(A).

**IT IS SO ORDERED.**

Date: June 21, 2022                 /s/James L. Graham
                                    James L. Graham
                                    United States District Judge